IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BJ RENTALS, LLC, | CV 22–199–M–DLC |
| Plaintiff, | |
| v. | ORDER |
| ROBERT JAMES BUCK a.k.a. ROBERT J. BUCK a.k.a. | |
| ROBERT BUCK; | |
| COLLECTION BUREAU SERVICES, INC.; | |
| CB1, INC. d.b.a. CBM COLLECTIONS; | |
| ALLY FINANCIAL, INC. f.k.a. | |
| GMAC, INC.; | |
| MONTANA DEPARTMENT OF REVENUE; and | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |
| _____ | |
| UNITED STATES OF AMERICA, | |

|                                                          |
|----------------------------------------------------------|
| Counter and Crossclaim Plaintiff,                        |
| v.                                                       |
| BJ RENTALS LLC,                                          |
| Counterclaim Defendant,                                  |
| ROBERT JAMES BUCK; COLLECTION BUREAU SERVICES INC.; CB1 INC.; ALLY FINANCIAL, INC.; and MONTANA DEPARTMENT OF REVENUE, |
| Crossclaim Defendants.                                   |

Before the Court is the United States' motion for default judgment against Crossclaim Defendant Robert James Buck ("Buck") to reduce federal income tax assessments to judgment.  (Doc. 41.)  Buck has not appeared in this matter.  For the reasons stated herein, default judgment is appropriate.

## BACKGROUND

On February 13, 2023, the United States filed its amended Answer to Plaintiff's Complaint and asserted counterclaims and crossclaims to reduce federal tax assessments against Buck.  (Doc. 9.)  In relevant part, the United States pled in

its claim for relief that "the amount due and owing on the assessments against [Buck] for tax years 2008 through 2010…plus accrued but unassessed interest, computed to February 10, 2023, is $35,732.96" and therefore, "[p]ursuant to 26 U.S.C. § 7402(a), the United States is entitled to judgment against [Buck] in the amount of $35,732.96, plus statutory interest and any other additions accruing from February 10, 2023." (Doc. 9 at 17.)  The same day, the Court issued a summons to Buck as to the United States' crossclaim against him. (Doc. 9-3.)  On February 27, 2023, Buck was personally served at his home in Kalispell, Montana, with the summons and the United States' Amended Answer, Counterclaim, and Crossclaim, which included the United States' claim against Buck to reduce the federal tax assessments against him to judgment. (Doc. 17.)  On March 24, 2023, the United States filed its motion for entry of default against Buck under Federal Rule of Civil Procedure 55(a), due to Buck's failure to respond to the United States' crossclaim. (Doc. 19.)  The Clerk of Court entered the requested default on March 24, 2023. (Doc. 22.)

On October 20, 2023, the United States moved the Court under Federal Rule of Civil Procedure 55(b)(2) to enter default judgment against Robert Buck as to the United States' claim to reduce federal income tax assessments to judgment. (Doc. 41.)

## ANALYSIS

A district court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court considering whether default judgment is appropriate should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits." *State Farm Mut. Auto. Ins. Co. v. Croft*, No. CV 19-41-M-DWM, 2019 WL 6311136, at *1 (D. Mont. Nov. 25, 2019) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).  The court accepts the factual allegations in the complaint as true.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The Court finds that the first factor, the possibility of prejudice to the plaintiff, weighs in favor of granting default judgment.  The Internal Revenue Service ("IRS") must collect unpaid tax liabilities within ten years of the date of assessment.  26 U.S.C. § 6502(a)(2).  However, if an assessment is "reduced to judgment, the tax liability cannot become unenforceable by reason of time." *United States v. Layman*, 149 F. App'x 675, 676 (9th Cir. 2005).  On March 11, 2013, the IRS assessed $6,475.00 against Buck in unpaid taxes for tax year 2010.

(Doc. 41-3 at 16.)  On April 1, 2023, the IRS assessed $3,651.00 against Buck in unpaid taxes for tax year 2008.  (*Id.* at 3.)  And on April 8, 2013, the IRS assessed $8284.00 against Buck in unpaid taxes for tax year 2009.  (*Id.* at 10.)  Therefore, the statute of limitations has run for all three assessments, and the United States will not be able to collect on the outstanding liabilities unless the liabilities are reduced to judgment.  Denying default would result in significant prejudice to the United States.

The second and third factors also weigh in favor of granting default judgment.  The United States filed Buck's Certificates of Assessments and Payments ("Form 4340") for tax years 2008, 2009, and 2010 contemporaneously with its motion.  (Doc. 41-3.)  These forms "are the proper means of establishing the facts of the administrative assessment, amounts of assessments, and notice and demand for payment."  *United States v. Suganuma*, 546 F. Supp. 2d 996, 1002 (D. Haw. 2008) (citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993); *Hughes v. United States,* 953 F.2d 531, 539–40 (9th Cir. 1991); Fed. R. Evid. 803(8)).  Buck has not contested the monetary amounts nor argued that the assessments were improperly made; as the United States notes, "[t]he assessed federal tax liabilities are based on the information [Buck] and his wife themselves provided on the tax returns they filed for 2008 through 2010."  (Doc. 41 at 10.) Even though the liabilities were assessed against both Crossclaim Defendant Buck

and Lynn Buck, the United States "can proceed against either or both of the spouses" "[b]ecause the [tax] liability is joint and several." *United States v. Smith*, No. CV10-2358-PHX-DGC, 2012 WL 2317770, at *6 (D. Ariz. June 18, 2012). Finally, the Declaration of Revenue Officer Patricia Davis, along with her calculations in Exhibit B (Doc. 41-4) substantiates the United States' claim that Buck's current unpaid balance for tax years 2008, 2009, and 2010 is $37,537.15. The Court agrees with the United States that "[the] Declaration, the calculations, and the Forms 4340 provide sufficient basis…to find the United States'claim against Buck meritorious." (Doc. 41 at 12.)  Further, the United States' crossclaim is sufficient.  It satisfies Rule 8's pleading standards and establishes the Court's jurisdiction.

The fourth factor considers the amount of money at stake weighed against the culpability of the defendant's conduct. *Croft*, 2019 WL 6311136, at *3.  The United States seeks to recover $37,537.16 for outstanding tax liabilities, plus statutory interest and penalties.  (Doc. 41 at 15.)  The amount the United States seeks to recover is an amount that Buck is obligated to pay pursuant to 26 U.S.C. § 7402(a).  Thus, this factor weighs in favor of entry of default judgment.

The fifth and sixth factors—possible factual disputes and excusable neglect—also favor entering default judgment.  Because Buck did not answer the United States' crossclaim, no facts are in dispute. *See PepsiCo, Inc. v. Cali. Sec.*

*Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  And, because Buck was

properly served approximately ten months ago, it is unlikely that Buck's failure to

answer results from excusable neglect.

The final factor, the policy favoring a decision on the merits, generally

weighs against entering default judgment.  *Eitel*, 782 F.2d at 1472.  Yet "the mere

existence of [Rule] 55(b), . . . indicates that this preference, standing alone, is not

dispositive."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal quotation marks

omitted).  Buck's failure to answer the United States' crossclaim makes any other

disposition impractical.

Having weighed each of the factors, the Court finds that default judgment is

appropriate.

Accordingly, IT IS ORDERED that the motion (Doc. 41) is GRANTED.

IT IS FURTHER ORDERED that default judgment is entered in favor of the

Crossclaim Plaintiff the United States and against Crossclaim Defendant Robert

Buck on the United States' claim to reduce federal income tax assessments to

judgment.

IT IS FURTHER ORDERED that Crossclaim Defendant Robert Buck is

liable to Crossclaim Plaintiff the United States for $37,537.16, the amount of his

outstanding tax liabilities, plus statutory interest and penalties.

DATED this 21st day of December, 2023.

_____
Dana L. Christensen, District Judge
United States District Court